IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANCIS MASIKA,

    Plaintiff,

v.                                                                                                   Civil Action No. **3:15CV50**

**UNKNOWN,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Order entered on May 15, 2015, the Court directed Plaintiff to submit an initial partial filing fee of $2.00 within eleven (11) days of the date of entry thereof or state under penalty of perjury that he lacked sufficient assets to pay such a fee. Plaintiff neither paid the initial partial filing fee nor averred that he could not pay such a fee. Accordingly, by Memorandum Opinion and Order entered on June 12, 2015, the Court dismissed the action without prejudice.

On June 22, 2015, the Court received from Plaintiff a notice of appeal and letter that the Court construes as a motion filed pursuant to Fed. R. Civ. P. Rule 59(e) ("Rule 59(e) Motion," ECF No. 13), *see MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v.*

*Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff states: "I thought I filled out the paperwork that stated I was indigent twice." (Rule 59(e) Mot. 1.) Plaintiff further explains that he experiences problems with his mail at times so, "I don't know if you did receive the letter (form) filled out by me stating I was indigent." (*Id.*) Plaintiff provides no explanation for his failure to comply with the Court's May 15, 2015 Memorandum Order directing him to pay the initial partial filing fee of $2.00 or state under penalty of perjury that he lacked sufficient assets to pay such a fee.

Thus, Plaintiff fails to demonstrate that the Court committed a clear error of law or that reopening his case is necessary to prevent manifest injustice. Nor does Plaintiff demonstrate any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly." (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998))). Accordingly, his Rule 59(e) Motion (ECF No. 13) will be DENIED. Nevertheless, in light of Plaintiff's desire to continue with his claims, the Court will direct the Clerk to refile Plaintiff's complaint as a new civil action as of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: JUL 1 4 2015
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge